Fajardo Sugar Growers' Association, Recurrente, *v.* El
Registrador de Humacao, Recurrido.

Recurso gubernativo contra nota del Registrador de la Pro-
piedad de Humacao denegando la inscripción de una
escritura de arrendamiento.

No. 314.—Resuelto en junio 7, 1917.

Arrendamiento—Mandatos—Denegatoria de Inscripción—Ratificación del
Contrato por el Mandante—Comprador Posterior Conforme con el Con-
trato.—Cuando presentada al registro para su inscripción una escritura de
arrendamiento de finca rústica otorgada por un apoderado, el registrador

deniega la inscripción y toma anotación preventiva que es luego cancelada, esta resolución del registrador no constituye un obstáculo para que se verifique después la inscripción denegada, aun cuando la finca se halle entonces inscrita a nombre de un comprador posterior, si el mandante ratifica y confirma el arrendamiento hecho y el comprador lo reconoce, acepta y está conforme con él.

ID.—TERCEROS—INSCRIPCIÓN POSTERIOR A FAVOR DE OTRA PERSONA.—El artículo 17 de la Ley Hipotecaria que prohibe la inscripción de títulos traslativos de dominio o que contenga gravamen, cuando existe una inscripción posterior a favor de otra persona, no es aplicable si la persona en cuyo favor está hecha la inscripción, no es un tercero.

Los hechos están expresados en la opinión.

Abogado de la recurrente: *Sr. Luis Muñoz Morales.*

El registrador interino recurrido, Sr. Francisco Socorro, no compareció.

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

Por escritura pública otorgada ante el Notario Don Eugenio Benítez Castaño en marzo 31 de 1906, Doña Josefina y Doña Concepción Veve, dieron en arrendamiento a la corporación The Esperanza Central Sugar Company, 854 cuerdas de terreno, adquiridas por herencia de su padre, e inscritas a nombre de ellas como coherederas.

Por escritura de partición, esta finca fué dividida en cinco porciones separadas, dos de las cuales fueron asignadas a Josefina y tres a Concepción, e inscritas debidamente en sus respectivos nombres.

En el año 1913, José S. Belaval, a nombre y como apoderado de su esposa Doña Concepción Veve, vendió las tres porciones mencionadas en último término a Horacio S. Belaval quien las inscribió a su nombre.

En la escritura se hacía constar lo siguiente:

"Que sobre los expresados condominios y fincas relacionadas no pesan más cargas ni gravámenes, según declara el señor Belaval en la representación que ostenta, que un contrato de arrendamiento a favor de 'The Veve Sugar Company' y de 'The Esperanza Central Sugar Company' respectivamente convenidos por escrituras otorgadas en esta ciudad y pueblo de Fajardo a ocho de abril de mil no-

vecientos once y treinta y uno de marzo de mil novecientos seis, ante los Notarios Don Manuel F. Rossy y Don Eugenio Benítez Castaños, siendo el arrendamiento a favor de 'The Veve Sugar Company' por término de diez años y canon de cuatro mil seiscientos dollars al año por lo que respecta a los condominios de Doña Concepción Veve, y el contrato a favor de 'The Esperanza Central Sugar Co.' por término de once años y canon de dos mil cuatrocientos dollars cada año, en cuanto a las tres fincas de la hacienda 'Aurora' perteneciente a la referida señora Veve de Belaval.''

En la inscripción hecha en el registro de cada una de estas porciones se hace constar que se hallaban afectas a un contrato de arrendamiento a favor de ''The Esperanza Central Sugar Company'' por el término de once años, según escritura otorgada en Fajardo a treinta y uno de marzo de 1906, ante el Notario Eugenio Benítez Castaño.

Este contrato de arrendamiento fué presentado en el registro de la propiedad en unión de los siguientes documentos:

''Solicitud dirigida al señor registrador de la propiedad explicativa del estado actual de la finca objeto del arrendamiento cuya inscripción se solicitaba.

''Testimonio de la escritura número 55, de 18 de julio, 1913, Notario Eduardo Acuña, o sea la venta a favor de Horacio S. Belaval de las tres porciones correspondientes a Doña Concepción Veve.

''Testimonio de la escritura número 177, de 9 de noviembre 1908, Notario M. Alberto Salicrup, o sea poder de Doña Concepción Veve a su esposo Don José S. Belaval.''

El registrador inscribió el arrendamiento en cuanto a las dos porciones pertenecientes a Doña Josefina Veve y denegó su inscripción en lo que respecta a las otras tres porciones que anteriormente pertenecían a doña Concepción Veve y que ahora se encuentran inscritas a nombre de Horacio S. Belaval, por las razones consignadas en su nota, a saber:

''*Primero:* porque la escritura número veinte y siete de fecha 31 de marzo de 1906 que comprende el mismo contrato de arrendamiento fué denegada su inscripción en este registro con fecha dos de mayo de 1906, al folio 66 del tomo 1 de Ceiba, y tomada en su lugar anotación preventiva por el término legal a favor de la corporación

arrendataria 'The Esperanza Central Sugar Company' con respecto a la finca 'Aurora' de la que formaban parte las tres porciones objeto de esta denegación, por el defecto insubsanable de no acreditarse por José S. Belaval su carácter de apoderado; cuya denegación, que ha sido consentida por la corporación arrendataria, se encuentra cancelada con fecha 14 de abril de mil novecientos diez según nota al margen del asiento, no siendo por lo tanto hoy reiterable la dicha anotación conforme previenen las resoluciones de la Dirección de los Registros y del Notariado de 30 de mayo de 1878 y 13 de junio de 1890 y la doctrina establecida por nuestra Corte Suprema en los casos de *Barreras* v. *El Registrador* (15 D. P. R. 556 y 654), *Cepeda* v. *El Registrador* (16 D. P. R. 637) y *Hernández* v. *El Registrador* (14 D. P. R. 795 y 798); *segundo:* porque las tres porciones de fincas resto de la denominada 'Aurora,' objeto de esta denegación, figuran actualmente, por virtud de la escritura número 55 de fecha 18 de julio de 1913, otorgada ante el Notario Eduardo Acuña, inscritas desde el 22 de noviembre de dicho año de 1913, a nombre de Horacio S. Belaval; y porque la escritura de arrendamiento que se deniega, es de fecha anterior a la que motivó la inscripción del dominio de las fincas a favor de Horacio S. Belaval. Artículos 17 y 20 de la Ley Hipotecaria, resoluciones de la Dirección de los Registros de 1º. de abril de 1887, 23 de mayo de 1890 y 29 de diciembre de 1892, y doctrina de nuestra Corte Suprema establecida en los casos de *Esteves* v. *del Río et al* (7 D. P. R. 280), *Fernández* v. *El Registrador* (8 D. P. R. 460, y *Ramírez* v. *El Registrador,* 17 D. P. R. 289); *tercero:* porque si bien aparece de la escritura número 55 de fecha 18 de julio de 1913 ante el Notario Eduardo Acuña, que Horacio S. Belaval consintió la mención de un contrato de arrendamiento a favor de 'The Esperanza Central Sugar Company,' tal mención según el registro se refiere a uno por un período de once años, sin que se mencione en la inscripción a favor de Horacio S. Belaval la prórroga de ese mismo arrendamiento por cinco años más a voluntad de la corporación arrendataria como se establece en la repetida escritura de arrendamiento; *cuarto:* porque constituyendo el contrato de arrendamiento por exceder de seis años, un verdadero derecho real mediante el cual el dueño de la finca limita en perjuicio de tercero el libre ejercicio de una de las facultades de dominio, es indispensable para constituirlo por medio de apoderado, que éste se encuentre investido de poder especial y expreso para ello. Artículo 1451 Código Civil Revisado y resoluciones de la Dirección de los Registros de 20 de mayo de 1879, 20 de noviembre de 1900 y 26 de octubre de 1904,

y doctrina de nuestra Corte Suprema establecida en el caso de *R. Fabián* v. *El Registrador* (22 D. P. R. 801); poder especial y expreso dé que carecía José S. Belaval al otorgarse la escritura de arrendamiento mencionada el día 31 de marzo de 1906, según se demuestra por la escritura de poder de fecha 9 de noviembre de 1908, otorgada en Ponce ante el Notario M. Alberto Salicrup.''

Es verdad que el documento cuya inscripción ahora se deniega es el mismo que fué denegado por el registrador en el año 1906, pero las circunstancias que en la actualidad concurren en su presentación son enteramente diferentes, como son asimismo distintas las cuestiones envueltas.

La escritura de arrendamiento se presenta ahora en unión de otros documentos que se alega son suficientes para vencer la objeción que hizo el registrador en el año 1906, y el poder por virtud del cual José S. Belaval vendió a Horacio S. Belaval no es el mismo documento de acuerdo con el cual pretendió él actuar al hacer el arrendamiento, sino un documento otorgado con posterioridad a la fecha de dicho arrendamiento que se alega contiene amplia facultad para arrendar y para ratificar y confirmar el arrendamiento ya hecho como en efecto se confirma en la escritura de venta en la que expresamente se hace constar la existencia del arrendamiento, cuya inscripción se ha denegado.

El arrendatario no ataca la primitiva resolución del registrador relativa a que Belaval en el año 1906 dejó de mostrar su poder, ni sostiene que él estaba entonces autorizado para actuar, pero afirma que de acuerdo con el poder que fué posteriormente conferido, así como en la escritura de venta otorgada por él, ratificó y confirmó éste y el comprador reconoció, aceptó y estuvo conforme con el contrato de arrendamiento. De ser esto cierto, y el registrador no impugna la proposición mencionada en primer término, no podemos ver por qué ha de considerarse que la primitiva resolución del registrador constituye un obstáculo para la inscripción que ahora se solicita. *Behn* v. *El Registrador,* 21 D. P. R. 513.

En cuanto al segundo fundamento alegado por el registrador, será bastante con repetir lo que dijo este tribunal en el caso de *Roig* v. *El Registrador,* 17 D. P. R. 954.

"Es cierto que el artículo 17 de la Ley Hipotecaria prohibe la inscripción de títulos traslativos de dominio o que contenga gravamen, cuando existe una inscripción posterior a favor de otra persona, pero como tal precepto no tiene otro propósito y alcance que la protección de los terceros, que es el objetivo de la Ley Hipotecaria, si la persona en cuyo favor esté hecha la inscripción no es un tercero, no podrá aplicarse ese precepto legal."

Puesto que tanto la escritura de venta hecha a favor de Horacio S. Belaval como su inscripción en el registro se refieren específicamente a la escritura pública de arrendamiento y la identifican completamente, el tercero de los fundamentos alegados por el registrador para su negativa a inscribir el arrendamiento se ve inmediatamente que es demasiado frívolo para ser discutido formalmente.

Según lo que dejamos expuesto aparece suficientemente que la cuestión sugerida en el cuarto motivo que se alega como fundamento de la resolución que ha sido impugnada no está envuelta en este recurso, por la razón de que si el primitivo arrendamiento fué ratificado y confirmado debidamente por la subsiguiente escritura de traspaso, no importa si el primitivo poder era o no suficiente.

La nota recurrida debe ser revocada.

*Revocada la nota recurrida y ordenada la inscripción solicitada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.